UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ENTERGY SERVICES, INC. | CIVIL ACTION |
| VERSUS | NO. 13-5297 |
| ATTACHMATE CORPORATION | SECTION "N" (3) |

## ORDER AND REASONS

Before the Court is Entergy Services, Inc.'s (ESI) motion for summary judgment (Prejudgment Interest). (Rec. Doc. 50). Attachmate Corporation (Attachmate) has filed a response in opposition. (Rec. Doc. 54). For the following reasons, ESI's motion is hereby **DENIED**.

**I. Background:**

Beginning in 1990 and ending in 2004, Attachmate sold software to ESI. ESI was required to purchase a license for each computing device that Attachmate had installed or that had the ability to access Attachmate software. (Rec. Doc. 50-7, pg. 1). Intentionally or unintentionally, ESI failed to purchase an adequate number of licenses. (Rec. Doc. 1 ¶XVI) ("ESI concedes that it is required to purchase additional licenses").

In January 2013, Attachmate initiated a software audit against ESI. (Rec. Doc. 8 ¶23). The audit revealed over-deployment of Attachmate software in violation of the applicable software license agreements. (Rec. Doc. 1 ¶XVI). Based on the audit numbers, Attachmate calculated ESI owed over $1.7 million, which included prejudgment interest at a rate of twelve (12) percent. (Rec. Doc. 50-9; Rec. Doc. 50-5 at pg. 6). While ESI admits to over-deploying Attachmate software, it disputes the amount owed. (Rec. Doc. 1 at ¶XVI). ESI alleges that Attachmate's calculation is

based on the current (2013) license fees for the over-deployed software programs and that those fees are different from the ones at issue in this case. (See Rec. Doc. 50-5, Exhibit B). As a result, ESI alleges this amount is grossly inflated from what they actually owe. (Rec. Doc. 50-1, pg. 2). After failed negotiations to resolve the matter, ESI filed the instant suit seeking declaratory judgment regarding its rights and obligations under the licensing agreements.

Presently, ESI's motion for summary judgment is strictly based on the 12 percent prejudgment interest component of Attachmate's claim. (Id.). The alleged license agreements state that they will be construed according to the laws of the State of Washington. (Id., see also Exhibit D). Under Washington law, prejudgment interest is allowed when a claim is considered liquidated. In their respective motions, ESI avers the damages are not liquidated, while Attachmate contends the opposite and, thus, claims it is entitled to prejudgment interest. (Rec. Doc. 54; Rec. Doc. 50-1). Both parties concede that Washington law governs the current issue and that the issue is strictly a legal question as to whether Attachmate is entitled to prejudgment interest. (See Rec. Doc. 50-1 p.2-3; Rec. Doc. 54 p.4).

**II. Law and Analysis:**

Both Washington and federal law follow the same standard for summary judgment. Compare, Fed. R. Civ. P. 56(a) and Stevens v. Brink's Home Sec., Inc., 162 Wash. 2d 42, 47, 169 P.3d 473, 475 (2007). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Id. The Court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. See Turner v. Baylor Richardson Medical Center, 476 F.3d 337, 343 (5th Cir. 2007); Fairbanks v. J.B. McLoughlinCo., 131 Wash.2d 96, 101 (1997).

In its motion for summary judgment (Rec. Doc. 50), ESI contends that (1) the license agreements do not contain liquidated damage provisions or any other provisions that sets forth damages owed for over-deployment of software; (2) the license agreements do not specify that a user who over-deploys such software will be required to pay the list price, determined at the time of the audit, for each wrongfully utilized program; and (3) the counterclaim is unliquidated because Attachmate intends to offer expert testimony to support its damage calculations and Attachmate cannot produce a fact witness to testify to the same. (Id.). Attachmate responded alleging that (1) the counterclaim is liquidated because the claim can be computed simply and with exactness even if the parties dispute the amount; (2) the lack of liquidated damage provisions in the license agreements is irrelevant to a prejudgment interest determination; and (3) the fact that Attachmate intends to use expert testimony to support its damage calculations does not alter the nature of its liquidated claim. (Rec. Doc. 54 pp. 5-9). For the reasons stated below, ESI's motion for summary judgment on prejudgment interests is hereby denied.

### A. Prejudgment Interest

Entitlement to prejudgment interest is a legal question. Per the licensing agreements' choice of law provisions, the parties stipulated that Washington law governs. (See Rec. Doc. 50 and 54). In addition, the parties agree that the sole issue before the court is whether Attachmate is entitled to prejudgment interest as a matter of law. (Id.). The law supports both stipulations. See Wood v. Armco, Inc., 814 F.2d 211, 213 n. 2 (5th Cir. 1987) (the recovery of prejudgment interest is a substantive issue governed by the same law that governs the underlying claim giving rise to the damages).

Prejudgment interest is allowable (1) when an amount claimed is liquidated or (2) when the amount of an unliquidated claim is for an amount due upon a specific contract for the payment of money and the amount due is determinable by computation with reference to a fixed standard contained in the contract without reliance on opinion or discretion. Prier v. Refrigeration Engineering Co., 442 P.2d 621, 625-26 (Wash. 1968) (citing Mall Tool Co. v. Far West Equip. Co., 273 P.2d 652 (Wash. 1954); Valley Land Office, Inc. v. O'Grady, 432 P.2d 850 (Wash. 1967)). A liquidated claim is one "where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion." Id. at 626. Alternatively, if the fact-finder must exercise discretion as to the measure of damages or if the damages must be arrived at by a determination of reasonableness, the claim is unliquidated. See e.g., Kiewit-Grice v. State of Washington, 895 P.2d 6, 9 (Wash. Ct. App. 1995); MacDonald v. Mutual of Enumclaw, 2008 WL 5238613 at *6 (Wash. Ct. App. 2008). In other words, a claim is unliquidated if the fact-finder must determine reasonableness of the claim to arrive at the principal amount. Kiewit-Grice, 895 P.2d at 9.

A dispute over part or all of a claim does not change the claim from a liquidated to an unliquidated one. Prier, 442 P.2d at 627. A sum is still liquidated even though it "is not fixed by agreement and although the facts upon which the claim is based may be disputed, and [] the adversary successfully challenges the amount and succeeds in reducing it." Id. However, a claim is unliquidated where it would be unfair to hold the defendant liable because the principal amount was unquantifiable or unforeseeable prior to a verdict. Rekhter v. Dept of Social and Health Services, 180 Wash.2d 102, 124, 323 P.3d 1036, 1047 (2014). Courts generally favor allowing interest rather than denying it. Prier, 442 P.2d at 627.

4

In Rekhter, the plaintiff alleged that he was entitled to prejudgment interest based on an estimation of the number of overtime hours worked. Id. The court found that, since there was no way for the fact-finder to determine the exact number of hours worked, it would be impossible to determine the exact amount of damages without the use of discretion. Id. Thus, the court found the damages to be unliquidated. Id. On the other hand, in Stevens, 169 P.3d 473, a plaintiff sued for damages based on unpaid commuting time. In that case, the court found that the claim was liquidated even where the jury relied on expert testimony calculating drive times with a software program called "Mappoint." Id. at 474. The court declared that because the expert testimony established precise commute times using the software the jury was able to determine damages without relying on discretion or opinion. Id. The court went on to explain that damages were determinable based simply on the drive times calculated using Mappoint and the plaintiff's wage rate, and, therefore, the plaintiff's claim was liquidated. Id. at 477.

### B. ESI's Arguments for Summary Judgment

To the extent that ESI suggests that Attachmate's claim is not liquidated because the license agreements do not contain liquidated damage provisions, the argument fails under Prier. A claim is still liquidated "even though it 'is not fixed by agreement and although the facts upon which the claim is based may be disputed....'" Prier, 442 P.2d at 627. So long as the evidence "furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion," a claim may be liquidated. Id. at 626. The law does not require a liquidated damage provision for a claim to be entitled to prejudgment interest.

5

Washington case law also forecloses ESI's argument that Attachmate's claim is unliquidated because it requires the finder-of-fact to rely on discretion when determining damages. In this case, Attachmate has presented evidence of over-utilization of its software based on its documented 2013 audit of ESI's computer system. (See Exhibit 1 (Comparison Table)). ESI disputes Attachmate's determination of the $1.7 million figure arguing that Attachmate unilaterally increased the amount owed using different fees than those actually owed in this case. (See Rec. Doc. 50). In response, Attachmate argues that the damages are liquidated because, even if its claim is disputed, the fact-finder need only rely on the price of the software (price) multiplied by the number of over-utilized programs (quantity) when making its calculations. (Rec. Doc. 54 p. 5).

This case most clearly resembles Stevens. In that case, the court found that the damages were liquidated because the jury could determine the claim with exactness, without discretion or opinion, by simply multiplying the price and quantity terms. Stevens, 169 P.3d at 477. Similarly, Attachmate's calculations are based on two terms, the price of the licenses and the number of over-deployed licenses. The claim at issue does not require the jury to determine the reasonableness of Attachmate's damages because the finder-of-fact need not rely on opinion or discretion when making its calculations. The calculation could be made based simply on objective criteria, i.e. a price and quantity term.

As seen in Prier, a dispute over all or part of the claim does not change the nature of the claim from liquidated to unliquidated. 442 P.2d at 627. Even if ESI is successful in disputing Attachmate's calculation and the sum is reduced, such a reduction does not change the overall nature of the amount. See e.g., id.; Egerer v. CSR W., LLC, 116 Wash. App. 645, 653, 67 P.3d 1128, 1133 (2003) (declaring "[t]he fact that a claim is disputed does not render the claim

6

unliquidated, so long as it may be determined by reference to an objective source such as fair market value"); Weyerhaeuser Co. v. Commercial Union Ins. Co., 142 Wash. 2d 654, 686, 15 P.3d 115, 133 (2000). Assuming ESI is successful in arguing that Attachmate's claim incorrectly aggregrates "current license fees for software programs that are different from the ones at issue in the case," the claim can still be determined using objective criteria, and, therefore, Attachmate's claim is liquidated.

Lastly, ESI urges the Court to find that Attachmate's submission of expert testimony to support its damages calculation is prima facie evidence that it is not entitled to prejudgment interest. In addition, ESI contends that Attachmate cannot produce a fact withness to testify about the damages calculation, and, thus, Attachmate's claim is unliquidated. (Rec. Doc. 50-1 p.7). ESI misstates the law with regard to the use of expert testimony and misreads the evidence regarding the Attachmate's inability to produce fact witnesses.

As seen above in Stevens, the jury was clearly allowed to rely on expert testimony with regard to Mappoint calculations. 169 P.3d at 477. Similarly, in McConnell v. Mothers Work, Inc., 131 Wash. App. 525, 536, 128 P.3d 128, 133 (2006), the court found that, even though experts for both parties offered conflicting evidence, plaintiff's claim was liquidated because "the factual determination was set out in the evidence." In both cases, the reliance on expert testimony had no effect on the liquidated status of the claim. Therefore, ESI's argument that reliance on expert testimony is prima facie evidence of an unliquidated claim is incorrect. Furthermore, ESI misreads Attachmate's response to its request for production. (See Exhibit H). Attachmate has simply asked for clarification of the scope of the request for information regarding its damage calculation.

Attachmate has not denied the possibility of producing such a witness but asked for more clarity before submitting the requested information.  (See id.).

Considering ESI's motion for summary judgment (Rec. Doc. 50) and Attachmate's opposition, as well as the reasoning above, ESI has failed to show, viewing the facts and inferences in the light most favorable to the non-moving party, that Attachmate is not entitled to prejudgment interest as a matter of law.  Therefore, ESI's motion for summary judgment on the issue of prejudgment interest is **DENIED**.

New Orleans, Louisiana, this 20th day of August, 2014.

**KURT D. ENGELHARDT**
**United States District Judge**